AUSA: John Sarlitto

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MALIK BROMFIELD,
FAIZAN ALI,
KAMAL SALMAN,

Defendants.

26 mj 1771

**COMPLAINT**

Violations of 18 U.S.C. §§ 554;  922(a)(1)(A); 922(i); 922(g)(5)(B);  26 U.S.C. § 5861(d)

COUNTY OF OFFENSE:
SULLIVAN

SOUTHERN DISTRICT OF NEW YORK, ss.:

BRIAN JENNINGS, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

## COUNT ONE
### (Smuggling of Goods from the United States)

1. On or about May 7, 2026, in the Southern District of New York and elsewhere, MALIK BROMFIELD, FAIZAN ALI, and KAMAL SALMAN, the defendants, fraudulently and knowingly exported and sent from the United States, and attempted to export and send from the United States, merchandise, articles, and objects contrary to a law and regulation of the United States, and received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of such merchandise, articles, and objects, prior to exportation, and attempted to do the same, knowing such merchandise, articles, and objects to be intended for exportation contrary to a law and regulation of the United States, to wit, BROMFIELD, ALI, and SALMAN attempted to export firearms from the United States into Canada without possessing a license issued by the Department of Commerce, Bureau of Industry and Security, in violation of Title 15 Code of Federal Regulations Section 742.17.

(Title 18, United States Code, Sections 554 and 2.)

## COUNT TWO
### (Unlicensed Dealing of Firearms)

2. On or about May 7, 2026, in the Southern District of New York and elsewhere, MALIK BROMFIELD, FAIZAN ALI, and KAMAL SALMAN, the defendants, not being licensed importers, licensed manufacturers, or licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, and attempted to do so, to wit, BROMFIELD, ALI, and SALMAN transported firearms and ammunition in the vicinity of Liberty, New York in Sullivan County and elsewhere, bound for export to Canada.

(Title 18, United States Code, Section 922(a)(1)(A).)

## COUNT THREE
### (Alien in Possession of Firearms)

3.      On or about May 7, 2026, in the Southern District of New York and elsewhere, MALIK BROMFIELD, the defendant, knowing he was an alien admitted to the United States under a nonimmigrant visa, as that term is defined in section 101(a)(26) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(26), knowingly possessed approximately 89 firearms while operating a vehicle in the vicinity of Liberty, New York in Sullivan County, which firearms included a Glock 27 40 caliber handgun bearing serial number BKWX732, a Glock 23 40 caliber handgun bearing serial number BVDZ356, and a Glock 26 9mm handgun bearing serial number AHMY952, which were in and affecting commerce.

(Title 18, United States Code, Section 922(g)(5)(B).)

## COUNT FOUR
### (Possession of Stolen Firearms)

4.      On or about May 7, 2026, in the Southern District of New York and elsewhere, MALIK BROMFIELD, FAIZAN ALI, and KAMAL SALMAN, the defendants, received, possessed, concealed, stored, bartered, sold, and disposed of a stolen firearm, and pledged and accepted as security for a loan a stolen firearm, which was moving as, and was part of, and constituted, and which had been shipped and transported in, interstate and foreign commerce, before and after it was stolen, knowing and having reasonable cause to believe that the firearm was stolen, to wit, BROMFIELD, ALI, and SALMAN were found traveling in a vehicle in the vicinity of Liberty, New York in Sullivan County in possession of approximately 17 stolen firearms.

(Title 18, United States Code, Section 922(j).)

## COUNT FIVE
### (Unregistered Possession of Firearms)

5.      On or about May 7, 2026, in the Southern District of New York and elsewhere, MALIK BROMFIELD, FAIZAN ALI, and KAMAL SALMAN, the defendants, unlawfully and knowingly received and possessed a firearm, namely, approximately two firearms as described in Title 18 United States Code, Section 5845(a)(3), not registered to the defendants in the National Firearms Registration and Transfer Record, to wit, BROMFIELD, ALI, and SALMAN possessed, a black Anderson AM-15 223 caliber rifle bearing serial number 25052632 and a black Smith & Wesson MP-15 223 caliber rifle bearing serial number TJ39298, which are short-barreled rifles that were not registered to the defendants in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Section 5861(d) and 5871;
Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2

6.    I have been a Special Agent with the FBI, assigned to the Hudson Valley Safe Streets Task Force, since 2022. During that time, I have participated in numerous investigations of violent crimes and firearms offenses, including firearms trafficking crimes.

7.    I have been personally involved in the investigation of this matter, and I am familiar with the information contained in this Complaint from my personal participation in the investigation along with my review of documents and records, conversations I have had with other law enforcement officers about this matter, and my broader training and experience investigating firearms trafficking offenses. Because this Complaint is being submitted for the limited purpose of establishing probable cause, I have not included the details of every aspect of the investigation. Where actions, conversations, and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

## BROMFIELD, ALI, AND SALMAN ARE FOUND TO POSSESS DOZENS OF FIREARMS IN A VEHICLE IN SULLIVAN COUNTY

8.    On or about May 7, 2026, at approximately 6:17 p.m., personnel with the New York State Police ("NYSP") initiated a traffic stop of a white Ford Explorer SUV (the "Ford Explorer") while it was traveling westbound on State Route 17 near exit 90, in the vicinity of Liberty, New York in Sullivan County (the "Traffic Stop"). From my discussions with other law enforcement personnel, including NYSP officers involved in executing the Traffic Stop, my participation in this investigation, and my review of law enforcement records and documents, I am aware of the following information, in substance and in part and without limitation, regarding the Traffic Stop and subsequent events:

a.    At approximately 6:17 p.m. NYSP personnel observed the Ford Explorer bearing a North Carolina license plate, commit multiple traffic violations while driving on or near State Route 90, including failure to maintain its proper lane and unsafe lane switching in violation of New York Vehicle and Traffic Law Section 1128. On that basis, NYSP personnel activated their lights and pulled the Ford Explorer to the side of the road to execute a roadside traffic stop.

b.    Upon approaching the Ford Explorer, the responding NYSP officers ("Trooper-1" and "Trooper-2") observed that there were three male individuals traveling in the SUV. Trooper-1 and Trooper-2 approached the Ford Explorer and instructed its three occupants to exit the vehicle. The driver of the vehicle, MALIK BROMFIELD, the defendant, identified himself by name and date of birth. The front passenger, FAIZAN ALI, the defendant, identified himself to NYSP by name and provided his date of birth. The rear passenger, KAMAL SALMAN, the defendant, also identified himself to NYSP by name and provided his date of birth.

c.    During the course of the roadside interview with NYSP personnel, Trooper-1 and Trooper-2 observed that the defendants were providing inconsistent and evasive accounts in response to NYSP questioning. For instance, defendant MALIK BROMFIELD, who had been driving the Ford Explorer, informed Trooper-1, in substance and in part, that he was traveling from in or around New York City to the vicinity of Syracuse, New York to visit family members of defendant KAMAL SALMAN in or near Syracuse. Defendants KAMAL SALMAN and FAIZAN ALI, however, told Trooper-2, in sum and substance, that the group was traveling from the vicinity

3

of Fort Lauderdale, Florida. DEFENDANT MALIK BROMFIELD subsequently shifted his account to claim, in sum and substance, that he was traveling from Florida.

       d.  In the course of the roadside interview, FAIZAN ALI, the defendant, consented to a roadside search of his person by NYSP personnel. In the course of that search, Trooper-2 recovered an identification document concealed in defendant ALI's buttocks, specifically, an expired Pakistani National Driving Permit issued to an Afghan national named Wali Hakim Jan by the Sialkot Licensing Authority. A photograph of the identification document concealed on defendant FAIZAN ALI's person and recovered by the NYSP is excerpted below:



       e.  SALMAN declined to consent to a search of his person, and BROMFIELD, the operator of the Ford Explorer, declined to consent to a search of the Ford Explorer. At approximately 6:37 p.m., Trooper-1 and Trooper-2 requested support from a nearby NYSP canine unit, which was transported to the scene, arrived at approximately 6:48 p.m., and approached the Ford Explorer.[1]

       f.  After approaching the Ford Explorer, the NYSP canine conducted a sweep of the SUV's exterior, facilitated by her handler ("Trooper-3"). The NYSP canine exhibited a change of behavior near the Ford Explorer's front passenger door seam, which indicated to Trooper-3 that the canine had detected the scent of narcotics. Trooper-1 and Trooper-2 then initiated a preliminary search of the Ford Explorer, which was still roadside. In the course of that search, Trooper-1 and Trooper-2 identified a large suitcase in the rear of the Ford Explorer. When the officers attempted to move the suitcase, Trooper-1 and Trooper-2 observed that the suitcase was unusually heavy. Trooper-1 and Trooper-2 unzipped the suitcase and observed a large quantity of apparent firearms. A photograph of the unzipped suitcase in the rear of the Ford Explorer is excerpted below:

---

[1]    From my training and experience, I know that canines used in law enforcement are trained to detect various scents, including those of narcotics. Based on my conversations with NYSP personnel, including the handler of the canine unit in question, I know that the canine used here received such training.



g. Also in the course of NYSP's preliminary search, what appeared to be at least approximately two large rifles were identified on the floor of the back seat, near where SALMAN had been sitting at the time of the Traffic Stop. A photograph of the rear seat of the Ford Explorer is excerpted below, with the rifles circled:



9. Based on my training and experience investigating firearms crimes, the quantity and variety of firearms visible in the photographs included above is wholly inconsistent with possession of firearms for personal use and instead consistent with the transport and trafficking of firearms for sale and distribution.

10. Moreover, I learned from my review of Department of Motor Vehicles records that the Ford Explorer's legal owner is EAN Holdings LLC, which I know from my research to be a subsidiary of Enterprise Holdings, Inc., a large international rental car company. From my training and experience investigating firearms trafficking, I am aware that individuals who engage in interstate firearms trafficking crimes frequently make use of rental cars, including because rental

cars allow them to, without limitation, rotate vehicles more frequently when transporting firearms and avoid creating traceable associations to vehicles registered in their own names.

11.     From my discussions with other law enforcement officers, my review of law enforcement records and documents, and my participation in this investigation, I am aware that, incident to his arrest by NYSP, a cellphone was seized from MALIK BROMFIELD, the defendant, who was operating the Ford Explorer at the time of the traffic stop.  Visible on the lock screen of that cellphone, on an apparent GPS navigation application, was a certain address in or near Hammond, New York, which, based on my research, is located immediately across the St. Lawrence River from Ontario, Canada.

12.     From my discussions with other law enforcement officers, including personnel employed by the Department of Homeland Security ("DHS") as well as documentation shared by the Hamilton Police Service in Ontario, Canada, and my review of law enforcement documents and records, I learned that MALIK BROMFIELD and FAIZAN ALI, the defendants, are foreign nationals, and that KAMAL SALMAN, the defendant, is a United States citizen who also holds and travels on a Canadian passport.  Specifically, in substance and in part and without limitation, I am aware of the following information regarding the defendants' nationality and immigration status:

a.     According to DHS records, defendant MALIK BROMFIELD is a Canadian passport holder, who most recently arrived in the United States on or about May 6, 2026.  A photograph of BROMFIELD obtained from his travel documentation is excerpted below:



b.     According to DHS records, KAMAL SALMAN, the defendant, most recently arrived in the United States traveling on a Canadian passport on or about February 8, 2026.  A photograph of SALMAN obtained from his travel documentation is excerpted below:



6

c.    According to Canadian law enforcement records, FAIZAN ALI, the defendant, is currently subject to at least approximately four outstanding arrest warrants in Canada, including at least approximately one warrant in connection with a fatal automobile collision and another in connection with alleged trafficking of methamphetamine. A photograph of ALI shared by Canadian law enforcement is provided below:



## A SEARCH OF THE FORD EXPLORER RECOVERS APPROXIMATELY DOZENS OF HANDGUNS AND RIFLES

13.    On or about May 8, 2026, the Honorable Judith C. McCarthy, Chief Magistrate Judge, Southern District of New York, signed a search warrant authorizing a search of the Ford Explorer. Together with other law enforcement officers, I participated in that search.  From my personal participation and my discussions with other law enforcement officers involved in the search and the analysis of its returns, I am aware of the following information, in substance and in part and without limitation:

a.    Law enforcement recovered at least approximately 89 firearms, including both handguns and rifles, from approximately three pieces of luggage contained in the Ford Explorer, including the suitcase pictured above, as well as a black duffel bag recovered from the floor in front of the rear passenger-side seat of the Ford Explorer, and a gray Puma-branded bag recovered from the rear passenger seat of the Ford Explorer.

b.    Among the firearms recovered from the Ford Explorer were at least approximately two rifles with shortened barrels, which were examined by a employed by a Special Agent employed by the Bureau of Alcohol, Tobacco, and Firearms ("ATF") ("Special Agent-1"), whose preliminary assessment is that both firearms are rifles having a barrel or barrels of less than 16 inches in length as described in Title 26, United States Code, Section 5845(a)(3).  Those firearms are pictured and identified below:

i.    A black Anderson AM-15 223 caliber rifle bearing serial number 25052632, pictured below:

7



ii. A black Smith & Wesson MP-15 223 caliber rifle bearing serial number TJ39298, pictured below:



c. Among the firearms recovered from the Ford Explorer were at least approximately 17 firearms determined by Special Agent-1, through serial number queries of law enforcement databases accessible to ATF, to have been previously reported stolen. Without limitation, the firearms recovered from the Ford Explorer, which had previously been reported stolen, included:

i. A Taurus PT111 Millennium G2 9mm handgun bearing serial number TKR65661, which was reported stolen from the vicinity of Pasadena, Texas.

ii. A Glock 19 9mm handgun bearing serial number BKVK873, which was reported stolen from the vicinity of Fort Lauderdale, Florida.

iii. A Smith and Wesson SD9 9mm handgun, which was reported stolen from the vicinity of Fort Lauderdale, Florida.

iv. A Smith & Wesson M&P 40 Shield 40 caliber handgun bearing serial number HPP4475, which was reported stolen from the vicinity of North Miami Beach, Florida.

d. Among the firearms recovered from the Ford Explorer were at least approximately three firearms confirmed by Special Agent-1 to have been manufactured outside the state of New York, including without limitation (i) a Glock 27 40 caliber handgun bearing serial number BKWX732; (ii) a Glock 23 40 caliber handgun bearing serial number BVDZ356; and (iii) a Glock 26 9mm handgun bearing serial number AHMY952.[2]

14. From my discussions with Special Agent-1 and other ATF and law enforcement personnel, I am aware that ATF personnel have reviewed ATF's Federal Licensing System and

---

[2] From discussions with Special Agent-1 and other ATF personnel, I know that the ATF's analysis of the firearms recovered from the Ford Explorer remains ongoing.

confirmed that there are no firearms registered to MALIK BROMFIELD, FAIZAN ALI, or KAMAL SALMAN, the defendants, in the National Firearms Registration and Transfer Record.

15.    From my discussions with Special Agent-1 and other ATF and law enforcement personnel, I am aware that ATF personnel have confirmed that MALIK BROMFIELD, FAIZAN ALI, and KAMAL SALMAN, the defendants, do not hold a license as an importer, manufacturer, or dealer of firearms.

16.    From my communications with a Special Agent employed by the U.S. Department of Commerce, Bureau of Industry and Security ("BIS") ("Special Agent-2"), I am aware that there is no record of MALIK BROMFIELD, FAIZAN ALI, and KAMAL SALMAN, the defendants, having applied for or received a license to export firearms or ammunition from BIS in accordance with Title 15, Code of Federal Regulations, Section 742.17.

17.    From my review of license plate reader ("LPR") data obtained and reviewed by law enforcement, I am aware that the Ford Explorer was identified by an LPR camera traveling northbound on I-95 in or around Jupiter, Florida at approximately 7:33 p.m. on or about May 6, 2026.

18.    From my participation in the search of the Ford Explorer and my conversations with other law enforcement officers, I am aware that approximately $3,000 in United States currency, in $100 bills, was recovered from the Ford Explorer's front passenger glovebox, proximate to the seat where the defendant FAIZAN ALI was seated at the time of the traffic stop.  A photograph of the recovered currency is below:



[*Remainder of page intentionally blank*]

WHEREFORE, I respectfully request that MALIK BROMFIELD, FAIZAN ALI, and KAMAL SALMAN, the defendants, be imprisoned or bailed, as the case may be.

_____
BRIAN JENNINGS
Special Agent
Federal Bureau of Investigation

Sworn to before me this 8th day of May, 2026.

_____
THE HONORABLE JUDITH C. McCARTHY
Chief United States Magistrate Judge
Southern District of New York